EDWARD HINES YELLOW PINE TRUSTEES *et al. v.* STATE.

[94 South. 231. No. 22647.]

1. ASSOCIATIONS. *Only individuals or corporations can be indicted and convicted of crimes.*
   Under our criminal laws only individuals or corporations can be indicted and convicted of the commission of crimes.

2. ASSOCIATIONS. *Unincorporated association of persons denominated trustees cannot be indicted and convicted of crime.*
   An unincorporated association of persons denominated as trustees cannot be indicted and convicted of a crime. If a crime was committed, it was committed by them as individuals.

APPEAL from circuit court of Pearl River county.

HON. G. WOOD MAGEE, Special Judge.

Edward Hines Yellow Pine Trustees and others were convicted of unlawfully permitting to be played in its building a game of chance for money, and they appeal. Reversed, and defendants discharged.

*T. J. Wills,* for appellants.

The defendants were not in court. Edwards Hines, C. F. Wiehe and L. L. Barton were trustees under the trust agreement of January 1, 1918, heretofore referred to. We do not deem it necessary to enter into an elaborate dis-

cussion of the rights and liabilities of trustees in trust estates as business companies. They are individuals acting together in the discharge of their trust responsibilities. They are responsible for their acts as individuals separately and distinctly each from the other in the same sense that individuals acting in any other individual capacity. Without quoting we cite Sears on "Trust Estates," 1 to 6, inc.

The trustees have a right to select a trade name under which they may operate and by which they may sue and be sued in their collective capacity in the handling of the trust estate. See Sears' Trust Estates, sec. 187; *Stark Bros. Nursery and Orchard Co.* v. *Wm. H. Stark, Trustee,* 41 Sup. Ct. 221. The adoption of a trade name and the carrying on of the business of the trust estate in this name in nowise changes the personal identity of the trustee. Neither does it relieve them of their personal liability nor affect their individual rights. *Carlisle* v. *Peoples Bank,* 122 Ala. 446, 26 So. 115.

The trustee operating in his individual capacity and being individually responsible cannot be summoned in a civil action by an agent or employee; neither can he be arrested in the person of another. Both having been arrested and brought into court, there being no personal knowledge by the service of summons or the execution of a warrant issued under the indictment, they are not present in court actually or constructively.

*H. Talbot Odom,* special assistant attorney-general, for the state.

As to whether or not the appellant was in court on the process hereinbefore mentioned, I confess is to me a novel proposition. To my mind this is the only question presented by the record, and as I am unable to determine the legal effect of the sheriff's action in serving a copy of process on the agent of the Edward Hines Yellow Pine Trustees, I respectfully submit the same to the court.

SYKES, P. J., delivered the opinion of the court.

The indictment charges that—

"A. Coleman, the Edward Hines Lumber Company, a corporation, and the Edward Hines Yellow Pine Trustees, composed of the following individuals, viz.: Edward Hines, C. F. Wiehe, and L. L. Barth, as such trustees, for and on behalf of the said Edward Hines Lumber Company, the corporation aforesaid, in said county and state, on or about the —— day of November, 1921, the said defendants, the Edward Hines Lumber Company, and the said Edward Hines Yellow Pine Trustees being then and there the owners and controllers of a certain building then and there commonly and publicly known as and called 'The Tonk,' which was a common gambling house," etc.

It then goes on to charge that these defendants willfully, unlawfully, knowingly, permitted to be played in this building a game of chance for money. The corporation was acquitted. Coleman and the Edward Hines Yellow Pine Trustees, as trustees, were convicted. From this conviction these trustees prosecute this appeal.

There was no personal service upon the three individuals who are trustees. There is no such corporation as the Edward Hines Yellow Pine Trustees; neither is there an individual by this name. The three individuals who are the trustees of this property were not individually indicted nor individually convicted nor individually served with process in this case.

There is no such legal entity in this state as an unincorporated association of this kind which can be tried and convicted. Either individuals or corporations under our criminal laws can be convicted of crimes.

The judgment of the circuit court is reversed, and appellant (whoever he or it may be) is discharged.

*Reversed and discharged.*